**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARIA MADRID,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-1033-CM |
| ) | |
| **BEN D. WILLIAMS, M.D.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for a protective order (Doc. 11) and defendant's related motion for the disclosure of medical information (Doc. 17). The two motions raise the issue of defendant's ex parte interview of plaintiff's healthcare providers. For the reasons set forth below, plaintiff's motion shall be **DENIED** and defendant's motion shall be **GRANTED**.[1]

### Background

This is a medical malpractice case. Plaintiff alleges that Dr. Ben Williams was negligent in providing medical care and treatment to N.M.M. and Ms. Madrid during N.M.M.'s birth in March 2004. Plaintiff contends that Dr. Williams' negligence caused or

---

[1] This memorandum and opinion memorializes the court's oral ruling during a status conference on June 5, 2012.

contributed to N.M.M.'s severe and permanent personal injuries.

**Plaintiff's Motion for a Protective Order (Doc. 11)**
**and**
**Defendant's Motion for Disclosure of Protected Health Information (Doc.17)**

Plaintiff concedes that information relating to N.M.M.'s health and, to an extent, Ms. Madrid's health are relevant to the issues in this case and subject to discovery. However, because of the personal nature of the information, plaintiff seeks a protective order regulating the release of health information. Defendant moves for an order authorizing healthcare providers who provided care and treatment to Ms. Madrid and N.M.M. to disclose healthcare information to defendant pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") and 45 C.F.R. § 164.512(e)(1)(i). The parties have reached agreement concerning the protective order and disclosure of medical information with one exception—plaintiff seeks a protective order prohibiting defense counsel from conducting ex parte interviews of the treating healthcare providers and defendant seeks authorization for the ex parte interviews.

Courts in this district have a well-established practice of allowing informal ex parte interviews of plaintiff's treating physicians who are merely fact witnesses as long as defendant complies with HIPAA and its related regulations. Harris v. Whittington, 2007 WL 1640301 (D. Kan. January 19, 2007)(J. Humphreys); Sample v. Zancanelli Management Corp., 2008 WL 508726 (D. Kan. February 21, 2008)(J. O'Hara); Pratt v. Petelin, 2010 WL 446474 (D. Kan. February 4, 2010)(J. Rushfelt); Brigham v. Colyer, 2010 WL 2131967 (D.

Kan. May 27, 2010)(J. Waxse); Spraggins v. Sumner Regional Medical Center, 2010 WL 4568715 (D. Kan. November 3, 2010)(J. Gale). Consistent with HIPAA and 45 C.F.R. § 164.512(e), defendant moves for disclosure of healthcare records and permission to conduct ex parte interviews of the treating healthcare providers.

Conceding the well-established case law in this district concerning HIPAA and ex parte interviews, plaintiff argues that recent changes in Kansas statutes warrant a change in the court's practices. Specifically, plaintiff argues that the passage of the Kansas Health Information Technology and Exchange Act ("KHIA"), K.S.A. 65-6821 et seq., reflects a material change in the requirements concerning the disclosure of healthcare information by Kansas healthcare providers.[2] The court is not persuaded that the recent enactment has a material impact on this district's practices because KHIA was enacted "to harmonize state law with the HIPAA privacy rule with respect to . . . proper safeguarding of protected health information." K.S.A. § 65-6823(a). Consistent with the goal of harmonizing state law with HIPAA, K.S.A. § 65-6825 provides for the disclosure and use of protected health information as permitted under "45 C.F.R. 164.502, 164.506, 164.508, 165.510 and 164.512." As noted above, courts in this district have consistently allowed ex parte interviews as long as the defendant complies with 45 C.F.R. § 164.512(e); therefore, the enactment of KHIA does not present a material change in the court's well-established practice. Because plaintiff's argument is not persuasive, her request for a protective order prohibiting ex parte interviews shall be denied and defendant's motion for an order allowing disclosure of such information

---

[2] KHIA became effective July 1, 2011.

is granted.[3]

**IT IS THEREFORE ORDERED** that plaintiff's motion for a protective order prohibiting ex parte contact and interviews **(Doc. 11)** is **DENIED** and defendant's motion for the disclosure of protected healthcare information **(Doc. 17)** is **GRANTED.**[4]

**IT IS FURTHER ORDERED** that counsel shall disclose any "standard of care" or causation opinion expressed by a treating healthcare provider during any ex parte interview within **ten days** of learning of such information. This disclosure requirement applies to both parties.

Dated at Wichita, Kansas this 19th day of June 2012.

                                        S/ Karen M. Humphreys
                                        KAREN M. HUMPHREYS
                                        United States Magistrate Judge

---

[3] Plaintiff also requests permission to send the healthcare providers a separate letter expressing her desire to be present should the provider agree to talk to defense counsel. The court is not persuaded that authorization of such a letter is appropriate because it is an informal attempt to persuade a fact witness to avoid talking to opposing counsel. Moreover, the proposed letter adds further complexity to a process that is intended to allow counsel a speedy and efficient means of gathering information.

[4] Orders for inspection and disclosure of healthcare information consistent with the court's ruling were filed on June 5, 2012. (Doc. 22 & 23).